UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JAMES P. WOOD, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:14-cv-1467 (VLB) |
| | : | |
| COLON, et al., | : | October 6, 2015 |
| Defendants. | : | |

## INITIAL REVIEW ORDER

The plaintiff, James P. Wood, currently incarcerated at the MacDougall-Walker Correctional Institution in Suffield, Connecticut, has filed a complaint *pro se* under 42 U.S.C. § 1983 (2000).  The complaint was received by the court on October 7, 2014, and his motion to proceed *in forma pauperis* was granted on October 10, 2014.  The named defendants are Captain Colon, Officer S. Ocasio, Erica Richardson, Edward Maldonado and the Town of Somers.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  *Id.*  In reviewing a *pro se* complaint, the court must assume the truth of the allegations, and interprets them liberally to "raise the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).  Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief.  *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56

(2007).  Conclusory allegations are not sufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  But "'[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Boykin v. KeyCorp.*, 521 F.3d 202, 214 (2d Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

I.    <u>Allegations</u>

The incidents underlying the complaint occurred at Osborn Correctional Institution.  On March 15, 2014, Defendant Colon informed Plaintiff that he had entered into the main computer of the Department of Corrections information indicating that Plaintiff was the "head/leader of the Pecker Wood A/B," a gang.  [Dkt. #10-1, Am. Compl. at 1].  He also told Plaintiff that, as a result, he would not receive a grant of parole.  [*Id.*].

On March 21, 2014, Defendants Colon and Ocasio searched the plaintiff's cell.  [Dkt. #1, Compl. at 6].  They broke his headphones and destroyed some family photographs.  Colon also verbally assaulted the plaintiff when he complained.  [*Id.*]

On March 31, 2014, the plaintiff spoke with Defendant Richardson in the mental health unit.  [*Id.*]  When the plaintiff began to complain about the cell search, Richardson told the plaintiff that he could not speak about correctional staff and asked him to leave.  [*Id.*]  That evening, the plaintiff was called to

2

Colon's office.  [*Id*. at 7].  Richardson and other unidentified officers were present.  Colon called the plaintiff a "cry baby."  [*Id*.]  In the following weeks, the plaintiff experienced other cell searches and verbal harassment.  [*Id*.]

On May 22, 2014, the plaintiff wrote a letter to Defendant Maldonado, the prison warden, complaining about Colon's behavior.  [*Id*. at 9].  After learning of this, Colon and Ocasio pushed the plaintiff in the hallway and threatened harm to the plaintiff and his family if he continued writing to the warden.  [*Id*. at 8].  On June 13, 2014, Ocasio searched the plaintiff's cell and issued the plaintiff a disciplinary report for possession of sexually explicit materials and nuisance contraband.  [*Id*.]  This resulted in the plaintiff being placed in restrictive housing.  [*Id*.]  While transporting the plaintiff to restrictive housing, Ocasio pushed the plaintiff and verbally assaulted him.  [*Id*.]

The following day, on June 14, 2014, the plaintiff wrote a private letter to Sandy Wood, which Ocasio opened and read.  [*Id*.]  Ocasio claimed the letter contained specific threats against Colon, and accordingly, he issued the plaintiff a second disciplinary report.  [*Id*.]  The plaintiff pled guilty to both charges.  [*Id*. at 9].

Finally, on June 24, 2015, Plaintiff learned from the parole board that he would not be receiving parole because of the statement Defendant Colon entered into the main computer regarding Plaintiff's gang affiliation.  [Dkt. #10-1, Am. Compl. at 1].

3

## II.   Discussion

The plaintiff asserts several causes of action.   First, he contends that Defendant Colon violated his Eighth and Fourteenth Amendment rights by threatening him, using excessive force against him, knowingly disseminating false information regarding Plaintiff's affiliation with a gang, which Colon knew would put both Plaintiff's safety and chances at parole in jeopardy, and depriving him of property without affording him due process of law.  He further claims that Defendant Ocasio violated his Eighth Amendment rights by intending to hurt him during his escort to restrictive housing, by threatening him, and by using excessive force against him.  As to Defendant Richardson, Plaintiff contends that she conspired with Colon to deprive him of his Eighth and Fourteenth Amendment rights and violated his rights under HIPAA.  Plaintiff alleges that Defendant Maldonado failed to discipline defendant Colon.  Finally, the plaintiff contends that the Town of Somers is liable for improperly training the correctional officers.  In addition to these claims, the allegations of the complaint may be construed to assert retaliation claims against defendants Colon and Ocasio.

### A.   Town of Somers

The plaintiff is attempting to assert a claim for municipal liability against the Town of Somers, presumably because Osborn Correctional Institution is located there.  The Department of Correction, which employs all of the other defendants, is a state agency.  *See*

4

www.ct.gov/doc/cwp/view.asp?a=1492&q=270016 (last visited October 14, 2014).

The town is not involved in the administration of the prison.  Thus, the Court

concludes that there is no factual basis for a claim against the Town of Somers.

All claims against the Town of Somers are dismissed pursuant to 28 U.S.C. §

1919A(b)(1).

  **B.** <u>HIPAA Violation</u>

  The plaintiff alleges that defendant Richardson violated his rights under

HIPAA, the Health Insurance Portability and Accountability Act.  When

determining whether a statutory violation may be enforced through a section

1983 action, the court must consider whether Congress intended to create a

private right of action.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284 (2002)

("[W]hether Congress intended to create a private right of action is definitively

answered in the negative where a statute by its terms grants no private rights to

any identifiable class.") (citation and quotations omitted).  Courts considering the

question repeatedly have held that HIPAA does not confer a private right.  *See,*

*e.g., Spence v. Connor,* No. 3:10cv1925 (MRK), 2010 WL 7865084, at *3 (D. Conn.

Dec. 16, 2010) ("Although the Second Circuit has never so held, district courts in

this Circuit have overwhelmingly concluded that HIPAA does not create an

express or implied private right of action.") (citing cases); *accord Adams v.*

*Eureka Fire Protection Dist.*, 352 F. App'x 137, 138-39 (8th Cir. 2009) (citing

cases); *Acara v. Banks*, 470 F.3d 569, 570-72 (5th Cir. 2006) (per curiam).  Because

HIPAA does not include any express or implied right, plaintiff cannot enforce any

HIPAA rights in a section 1983 action.  Accordingly, all HIPAA claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### C.    Deprivation of Property

The plaintiff asserts a claim for the loss of his headphones and photographs.  Claims for loss of property are not cognizable under section 1983. The Supreme Court has found that the Due Process Clause is not violated where a prison inmate loses personal belongings due to the negligent or intentional actions of correctional officers if the state provides an adequate post-deprivation compensatory remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 531 (1984); *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).  The State of Connecticut provides an adequate remedy for the kind of deprivation the plaintiff describes.  *See* Conn. Gen. Stat. § 4-141 et seq. (providing that claims for payment or refund of money by the state must be presented to the Connecticut Claims Commission).  The state remedy is not rendered inadequate simply because the plaintiff may anticipate a more favorable remedy in federal court or because it may take longer to resolve his claim under the state system.  *See Hudson*, 468 U.S. at 535.  Any federal claims regarding lost property are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

### D.    Denial of Equal Protection

The plaintiff generally alleges that the defendants violated his right to equal protection.  The Equal Protection Clause protects prisoners from invidious discrimination.  Rather than mandating identical treatment for each individual, it requires that similarly situated persons be treated the same.  *See City of Cleburne*

6

*v. Cleburne Living Ctr.*, 473 U.S. 432, 439-40 (1985).  To state an equal protection claim, the plaintiff must allege facts showing that he was treated differently from other similarly situated individuals and that the reason for the different treatment was based on "impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person."  *Diesel v. Town of Lewisboro*, 232 F.3d 92, 103 (2d Cir. 2000) (internal quotation marks and citation omitted).  The plaintiff has not alleged facts demonstrating either requirement.

The plaintiff also can assert an equal protection claim on a "class of one" theory.  To state a valid equal protection "class of one" claim, the plaintiff must allege, first, that he has been intentionally treated differently from others similarly situated and, second, that there is no rational basis for the difference in treatment.  *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).  The plaintiff must allege an "extremely high" level of similarity with the person to whom he is comparing himself.  *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir. 2005).  The plaintiff's circumstances and the other person's must be "prima facie identical." *Id.* at 105.  The plaintiff has identified no other inmate who was treated differently under similar circumstances.  Thus, he fails to state an equal protection class of one claim.  *See Page v. Lantz*, No. 3:03cv1271(MRK), 2007 WL 1834519, at *6 (D. Conn. June 25, 2007) (holding that class of one equal protection claim fails as a matter of law where plaintiff did not allege that similarly situated inmates were

treated differently under similar circumstances).  All equal protection claims are dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

The case will proceed on the claims against Defendants Colon and Ocasio for use of excessive force and retaliation, Defendant Richardson for conspiring with Defendant Colon to violate Plaintiff's constitutional rights, and Defendant Maldonado for supervisory liability and failure to protect.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims against defendant Town of Somers, as well as all claims for deprivation of property, denial of equal protection, and HIPAA, are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1).

(2)      The Clerk shall verify the current work address of defendants Maldonado, Richardson, Colon and Ocasio with the Department of Correction Office of Legal Affairs, and mail a waiver of service of process request packet to them at the confirmed addresses within twenty-one (21) days from the date of this Order.  The Clerk shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

8

(3)     The Clerk shall prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of this order and the complaint on defendants Maldonado, Colon and Ocasio in their official capacities at the Office of the Attorney General, 55 Elm Street, Hartford, CT  06141, within twenty-one (21) days from the date of this order and to file return of service within thirty (30) days from the date of this order.

(4)     The Clerk shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(5)     The defendants shall file their response to the complaint, either an answer or motion to dismiss, within 120 days from the date of this order.  If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.

9

If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(9)     If the plaintiff changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address even if he is incarcerated.  The plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice.  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, he should indicate all of the case numbers in the notification of change of address.  The plaintiff should also notify the defendant or the attorney for the defendant of his new address.

_____/s/_____
Vanessa L. Bryant
United States District Judge

SO ORDERED this 6th day of October 2015, at Hartford, Connecticut.